## ARNOLD v. GORDON BAKING CO.
### Civil Action No. 8661.

District Court, E. D. New York.
Jan. 12, 1948.

William J. Rapp, of New York City (Robert A. Siebert, of New York City, of counsel), for plaintiff.

Battle, Levy, Fowler & Neaman of New York City (Morris E. Lasker, of New York City, of counsel), for defendant.

BYERS, District Judge.

This is a defendant's motion before answer, to require plaintiff to furnish a more definite statement or bill of particulars in 62 specified respects.

The complaint alleges a contract of employment by the defendant and performance; also "other valuable services for the defendant at its special instance and request"; that the reasonable and agreed value of all of said services was $302,400; also that the defendant agreed to reimburse plaintiff for the expenses incurred by him in connection with the performance "of said services" amounting to $54,200.

Nearly all of the items listed in the defendant's demand are matters of evidence, and such as are relevant to the issues can be the subject-matter of discovery under the applicable provisions of the Rules.

Having in mind, however, the provisions of Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, touching affirmative defenses, and to enable the defendant to overcome its professed inability to prepare and file its Answer, the plaintiff is directed to file, within five days from the entry of an order hereon, a bill of particulars setting forth:

1. (a) The date of the engagement alleged in paragraph Fourth of the complaint.

(b) The name and title of the officer or agent of the defendant purporting to act for it in that connection.

(c) If the engagement was by written instrument, a copy thereof; or if it was oral, a statement of its essential terms.

2. Like information concerning the "other valuable services" alleged in paragraph Sixth of the complaint.

3. Whether the agreement for reimbursement of expenses alleged in paragraph Eighth of the complaint was a separate undertaking, and if so the like information as in 1 and 2 hereof. If it was part of either of those hirings, the facts may be averred in connection therewith.

In all other respects the motion is denied.

Settle order, and embody a provision that the Answer must be filed and served in not more than 10 days after filing and service of the bill of particulars.